# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MADALYN M. SOULLIERE,**

   **Plaintiff,**    **CIVIL ACTION NO. 07-CV-11174-DT**

vs.

           **DISTRICT JUDGE DAVID M. LAWSON**

**MARY SOULLIERE, et al.,**  **MAGISTRATE JUDGE MONA K. MAJZOUB**

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Plaintiff's Motion for Default Judgment (docket no. 10) filed on December 3, 2007 should be **DENIED.**

**II. REPORT:**

  *A. Facts and Procedural History*

Plaintiff filed this Complaint on March 19, 2007. (Docket no. 1). The Court granted her application to proceed *in forma pauperis*. (Docket no. 6). In her Complaint Plaintiff recounts conversations she allegedly had with family members dating back to 2004. Plaintiff also alleges that she is allergic to metal and that "radio opaque metallic foreign bodies" were put in her body. The case has been referred to the undersigned for all pretrial matters. (Docket no. 3). On May 4, 2007 this Court recommended that Plaintiff's Complaint be dismissed as frivolous. (Docket no. 7). Plaintiff objected to that Recommendation, and no further action has been taken on it. (Docket no. 8). Plaintiff has now filed this Motion for Default Judgment. (Docket no. 10). She alleges that the Summons and Complaint were served over twenty days ago and no response has been received from Defendants. Plaintiff asks for a levy on all property owned by Defendants. Defendants have not responded to Plaintiff's Motion. This motion is ready for decision.

The only document in the record showing an attempt at service of the Summons in this action is docket number 9 filed by Plaintiff on August 17, 2007. It purports to show that service was made upon Defendant Mary Soulliere by using the U.S. Postal Service. (Docket no. 9). However, there is no return receipt from the post office showing that any Defendant was actually served. There also is no indication of the specific method of mailing used by Plaintiff.

*B.     Standard*

The plaintiff bears the burden of showing that the defendant against whom the plaintiff is seeking default judgment has been properly served. *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007) (unpublished); *Everetson v. Topeka Ass'n For Retarded Citizens*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005) (unpublished). Rule 4(e), Fed. R. Civ. P., provides that service upon an individual may be obtained "pursuant to the law of the state in which the district court is located" or by delivering a copy of the summons and of the complaint to the individual personally, by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an authorized agent. The law of the State of Michigan allows service on an individual personally or by sending a copy of the summons and complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Mich. Court Rule 2.105(A). Service is made when the defendant acknowledges receipt of the mail. (*Id.*).

*C.     Analysis*

Plaintiff has not carried her burden of showing that either Defendant has been properly served. The only certificate of service in the record attempts to show that only Defendant Mary Soulliere was served. Nothing in the record shows that an attempt to serve Defendant Jerry Soulliere was made. Moreover, even for Defendant Mary Soulliere, Plaintiff has failed to show that she attempted service by registered or certified mail, return receipt requested, with delivery restricted to the addressee. There

is also no showing that any Defendant has acknowledged receipt of the Summons and Complaint. Accordingly, Plaintiff's Motion for Default Judgment should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 25, 2008     s/ Mona K. Majzoub
                                                   MONA K. MAJZOUB
                                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Madalyn M. Soulliere on this date.

Dated: February 25, 2008                s/ Lisa C. Bartlett
                                                        Courtroom Deputy